**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>RHEA BATES<br>Debtor | Case No. 25-15158-djb |
| Wells Fargo Bank, N.A., not in its individual or banking capacity, but solely in its capacity as the Trustee for First Franklin Mortgage Loan Trust 2004-FFH3 Asset-Backed Certificates 2004-FFH3,<br>Movant<br><br>vs.<br>RHEA BATES<br>And<br>Lawrence Bates, Tyrone Bates, (NON-FILING CO-DEBTOR)<br>Respondents | Chapter 13<br><br>11 U.S.C. §362 and §1301 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Wells Fargo Bank, N.A., not in its individual or banking capacity, but solely in its capacity as the Trustee for First Franklin Mortgage Loan Trust 2004-FFH3 Asset-Backed Certificates 2004-FFH3, and BRAD J SADEK, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 and Section 1301 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 443 Ellis Avenue, Colwyn, PA 19023, mortgage account ending with “5693”.

3. The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of January, 2026 through March, 2026 at $957.20 each, one (1) monthly payment for the month of April, 2026 at $947.32, legal fees in the amount of $1,350.00, court costs in the amount of $199.00, resulting in the total post-petition arrearage amount of $5,367.92. The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1. The Secured Creditor does not waive it’s right to collect these amounts.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtor agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $5,367.92. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed total secured claim of Movant for pre-petition arrearages in the amount of $59,872.95 and aforementioned post-petition delinquency in the amount of $5,367.92 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 Plan is $65,240.87.

6. Debtor agrees to remain current post-petition from this day forward. Beginning May 1, 2026 in the amount of $947.32, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to Onity Mortgage Corporation, P.O. Box 24781 / Attn: SBRP, West Palm Beach, FL 33416**.**

7. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to amend the Chapter 13 Plan within ten (10) days from the date this Stipulation is approved by the Court, or fails to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

10. Debtor's tendering of a check to ONITY MORTGAGE CORPORATION F/K/A PHH MORTGAGE CORPORATION, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Dated: April 24, 2026

*/s/ Andrew Spivack*
Andrew Spivack, Esquire
Attorney for Movant

/s/ Brad J. Sadek
BRAD J SADEK, Esquire
Attorney for Debtor

No Objection - Without Prejudice to Any
Trustee Rights or Remedies

/s/ LeeAne O. Huggins May 1, 2026
KENNETH E WEST, Esquire
Trustee